UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYNN WARNER (#366770)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 03-168-JJB-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 31, 2014.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYNN WARNER (#366770)

VERSUS                                                          CIVIL ACTION

BURL CAIN, ET AL                                     NUMBER 03-168-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the petitioner's Motion for Relief From Judgment Pursuant to Federal Rule 60(b).  Record document number 30.

### I. Procedural History

**A. State Court Proceedings**

Petitioner was found guilty of one count of aggravated rape in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on April 11, 1996.  Petitioner was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.

The Louisiana First Circuit Court of Appeal affirmed the conviction and sentence.  *State of Louisiana v. Lynn Warner*, 96-2694 (La. App. 1st Cir. 11/7/97), 709 So.2d 1093.  Petitioner sought review by the Louisiana Supreme Court.  The Louisiana Supreme Court denied review on April 3, 1998.  *State of Louisiana v. Lynn Warner*, 97-3037 (La. 4/3/98), 717 So.2d 231.

On August 17, 1998, the petitioner filed an application for

post-conviction relief in the trial court.  The trial court denied relief on October 5, 2000.  Petitioner sought review by the First Circuit Court of Appeal.  The First Circuit Court of Appeal denied review on March 23, 2001.  *State of Louisiana ex rel. Lynn Warner v. State of Louisiana*, 00-2617, (La. App. 1st Cir. 3/23/01).  Petitioner sought review by the Louisiana Supreme Court.  On January 25, 2002, the Louisiana Supreme Court denied review.  *State of Louisiana ex rel. Lynn Warner v. State of Louisiana*, 01-1231, (La. 1/25/02), 806 So.2d 674.

**B. Federal Court Proceedings**

Petitioner filed his federal application for habeas corpus relief on March 3, 2003.

On July 2, 2003, a Magistrate Judge's Report was issued recommending that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).[1]  On July 24, 2003, the district judge adopted the Magistrate Judge's Report as the court's opinion and entered judgment.[2]  On August 8, 2003, the petitioner filed a notice of appeal.[3]  On March 1, 2004, the United States Court of Appeals for

---

[1] Record document number 15.

[2] Record document numbers 16 and 17, respectively.

[3] Record document number 19.

the Fifth Circuit denied a Certificate of Appealability.[4]

## II. Applicable Law and Analysis

### A. Successive Petition

Petitioner is now before this court seeking relief from this court's judgment dismissing his § 2254 petition. Initially, the court must determine whether it has jurisdiction to rule on the petitioner's Rule 60(b), Fed.R.Civ.P., motion.

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641 (2005), the Supreme Court stated that a Rule 60(b) motion does not contain a habeas "claim," and thus should not be construed as a successive petition, when the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532, 125 S.Ct. at 2648 (footnote omitted). Specifically, the Court held that the petitioner does not make a "habeas corpus claim ... when he merely asserts that a previous ruling which precludes a merits determination was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 532 n. 4, 125 S.Ct. at 2648 n. 4.

In his Rule 60(b) motion, the petitioner challenged this court's prior determination that his application was untimely. Therefore, the petitioner's Rule 60(b) motion should not be

---

[4] Record document number 28.

...
...

construed as an improper successive habeas petition and should be treated as properly before this court.

**B. Rule 60(b)**

Petitioner argued that he is entitled to relief from judgment pursuant to Rule 60(b) because it was not filed untimely.

Rule 60(b), Fed.R.Civ.P. permits the district court to relieve a party from the effect of a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, release, satisfaction, and any other reason that justifies such disposition.

Federal Rule of Civil Procedure 60 provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [various] reasons," including "mistake" and "inadvertence." Fed.R.Civ.P. 60(b)(1). Regarding Rule 60(b)(1), the U.S. Fifth Circuit Court of Appeals has explained:

> Rule 60(b)(1) ... allow[s] relief from final judgments on account of "mistake," and, in this circuit, the rule may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record. Thus, it may be employed when the judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law.

*Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987).

The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances

4

justifying such relief. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). The Supreme Court has stated that "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535, 125 S.Ct. at 2649.

Petitioner's arguments are unpersuasive. First, the petitioner failed to point to any mistake, inadvertence or excusable neglect which entitles him to Rule 60(b)(1) relief. Petitioner did not argue that the judgment conflicts with a clear statutory mandate or involves a fundamental misconception of the law.

Second, even if the petitioner had alleged facts sufficient to support a Rule 60(b)(1) motion, it would be untimely because it was filed more than one year after entry of the judgment. A Rule 60(b) motion based on mistake, inadvertence or excusable neglect must be filed within one year of the entry of the judgment or order. Rule 60(c). Judgment was entered on August 14, 2003. Petitioner did not file his Rule 60(b)(1) motion until November 7, 2013, – more than 10 years after the judgment was entered.

Third, a Rule 60(b)(6) motion requires a showing of extraordinary circumstances. Petitioner failed to establish the existence of any "extraordinary circumstances" regarding the dismissal of his § 2254 motion.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the

5

petitioner's Motion for Relief From Judgment Pursuant to Federal Rule 60(b) be denied.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, January 31, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE